UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DEONNA ANDERSON and LEAH CLARK, | ) | |
| Plaintiffs, | ) | |
| v. | ) | Case No. 4:26 CV 442 CDP |
| VALENCIA WALKER a/k/a VALENCIA LEWIS, MICHAEL LEWIS, ML, AND FRANCIS HOWELL R-III SCHOOL DISTRICT, | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the Motion to Dismiss filed by defendant Francis Howell R-III School District. The case arises from a fight between two high school students. Self-represented plaintiffs are Deonna Anderson and her daughter Leah Clark, who allege that Leah was bullied and ultimately beaten by a schoolmate, "ML." Defendants are ML, her parents, Valencia Walker a/k/a Valencia Lewis and Michael Lewis, and the Francis Howell R-III School District.[1] The First Amended Petition (ECF 8) makes claims against the individual defendants for assault and battery (Count I) and for malicious prosecution and

[1] The original petition also named as a defendant Francis Howell High School, but the High School was dismissed with prejudice on March 6, 2026, before the case was removed.

abuse of process (Count V). The claims against Francis Howell R-III School District are titled as follows: "Count II – §1983 Canton Liability," "Count III – Title IX – Deliberate Indifference," and "Count IV – Negligence, Negligence Supervisory, and Infliction of Emotional Distress."

When plaintiffs amended the state-court petition by adding the federal claims, Francis Howell School District removed the case on the basis of federal question jurisdiction. The school district then filed its motion to dismiss, arguing that the plaintiffs had failed to state a claim against it upon which relief can be granted.

**Factual Allegations**

The First Amended Petition alleges that plaintiff Leah Clark and ML, who had initially been friends, became involved in a dispute at the high school. On May 19, 2023, ML, along with other students she had recruited, went looking for Leah at her classroom. Leah texted her mother, plaintiff Anderson, who called administrators at the school and told them her daughter was being threatened, and came to the school. School administrators removed Leah from her classroom as requested by her mother, and took statements. On May 26, 2023, ML followed Leah from her bus stop and threatened to fight her.

On September 1, 2023, while all students were being evacuated because of a bomb threat, ML "yell[ed] derogatory things at" Leah. She later yelled at Leah

and her mother (plaintiff Anderson) as they were driving home, said she would get her mother (defendant Walker) to assault them, and threatened Leah with physical violence the next time they were in school together. Plaintiff Anderson emailed the school's Assistant Principal on September 4, 2023, told her about the threat and said that that Leah was in danger of being assaulted, but the Assistant Principal failed to check on Leah.

The next day, September 5, 2023, ML assaulted Leah on the school bus. The bus driver did not assist Leah or call for help, did not provide first aid for Leah's abrasions, and eventually locked the door when Leah tried to get off the bus. Upon being notified of this by a friend, plaintiff Anderson met Leah at the bus stop and observed ML taking a video and picture of Leah, which ML sent to others. Plaintiff Anderson went to the school the next day and requested that ML be placed in an alternative school. A school administrator told her that was not likely to happen.

Over the next several months, both sides made reports to the police and both families obtained Orders of Protection from the Circuit Court of St. Charles County. Plaintiffs allege that ML and her parents' Orders of Protection were frivolous and retaliatory, and that ML and her parents violated the Orders of Protection on numerous occasions. They also allege that ML now receives visits from a case worker because of her anger management issues.

Plaintiffs allege that Leah has endured emotional and mental distress and has been unable to ride the school bus, requiring them to spend money on transportation, and that they have been damaged by having to defend against the lies that ML and her parents made in sworn statements to the Circuit Court.

**Discussion**

The purpose of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is to test the legal sufficiency of the complaint. When reviewing a Rule 12(b)(6) motion, I assume that the allegations in the complaint are true, and I construe the complaint in plaintiff's favor. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). I am not bound to accept as true, however, a legal conclusion couched as a factual allegation. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The factual allegations must be sufficient to "raise a right to relief above the speculative level." *Parkhurst v. Tabor*, 569 F.3d 861, 865 (8th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555). This requires more than pleading merely pleads "labels and conclusions," or a "formulaic recitation of the elements of a cause of action," or "naked assertions devoid of further factual enhancement." *Iqbal,* 556 U.S. at 678.

**Count II – "§ 1983 Canton Liability"**

In Count II plaintiffs allege that the school district failed to properly train its teachers, support staff and other employees related to first aid, emergency

treatment, and discipline of students who break school policy regarding bullying and harassment. They allege that "With the awareness of the ongoing stalking, harassment, and the clear and imminent threat, FHSD deliberately deprived Ms. Clark of her constitutional rights." ECF 8 at p. 11, ¶ 62. They also allege that the bus driver's handling of the altercation shows that her training was inadequate.

Liberally construing plaintiffs' complaint, I consider whether they have stated a claim under 42 U.S.C. § 1983, as interpreted in *City of Canton v. Harris*, 489 U.S. 378, 389 (1989) and other cases.

Section 1983 provides a remedy to individuals who are injured by state officials who, acting under color of state law, violate their constitutional rights. In *Monell v. New York* , 436 US 658 (1978) the Supreme Court held that a municipality (or other governmental body) could only be liable under Section 1983 if the constitutional violation is caused by an official governmental policy or widespread custom.

In *Canton*, the Supreme Court clarified that where inadequacy of training is alleged to be the basis for Section 1983 liability the failure to train must amount to deliberate indifference to the rights of the citizens. To show deliberate indifference, the plaintiff must show that the district "had notice that its procedures were inadequate and likely to result in a violation of constitutional rights." *Larson v. Miller*, 76 F.3d 1446, 1454 (8th Cir. 1996).

Where, as here, plaintiffs allege that training of school employees is insufficient, there must be "a pattern of misconduct that indicates the district's responses to a regularly recurring situation are insufficient to protect the students' constitutional rights." *Jennings v. Wentzville R-1V School Dist.*, 397 F.3d 1118, 1122 (8th Cir. 2005) (quoting *P.H. v. Sch. Dist. of Kansas City*, 265 F.3d 653, 660 (8th Cir. 2001)); *see also Thelma D. v. Bd. of Educ. of City of St. Louis*, 934 F.2d 929, 935 (8th Cir. 1991).

In this case, plaintiffs have failed to allege anything that could establish the requisite continuing, widespread, and persistent pattern of unconstitutional misconduct necessary to put defendants on notice that their training was inadequate. Arguments among students are not unusual in a school situation, but nothing has been alleged here that shows the school district had a pattern of ignoring threats such that a failure to train claim can be sustained. Plaintiffs allege that Leah had received threats from ML at the end of the school year in May and no action was taken by the administration. Then when school resumed in September after the summer vacation, ML yelled at Leah and threatened that her mother would assault Leah's mother. Plaintiff Anderson called the school district on September 4 to warn them that her daughter was in danger, and the very next day, the bus assault happened.

Although these allegations are serious, they say nothing to indicate that the district's training was so insufficient as to be deliberately indifferent to its students' constitutional rights or to have caused Leah's injuries. In previous Section 1983 actions against school officials, the Eighth Circuit has held that even much more extensive records of prior complaints were insufficient to constitute a pattern of unconstitutional behavior. For example, in *Jane Doe A. v. Special School District of St. Louis County,* 901 F.2d 642 (8th Cir. 1990), there had been numerous complaints about a school bus driver over the course of a two-year period, including that he used foul language, physically restrained children, and inappropriately touched them, but the Eighth Circuit concluded this was insufficient to show a persistent pattern of unconstitutional misconduct supporting failure to train liability. *See also Thelma D.,* 934 F.2d at 933 ("[F]ive complaints scattered over sixteen years cannot, as a matter of law, be said to comprise a persistent and widespread pattern of unconstitutional misconduct.").

**Count III – "Title IX – Deliberate Indifference"**

Title IX provides that: "No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a). Plaintiffs' First Amended Petition lists Title IX in the heading of this count, but there are no facts alleged that could constitute a

violation of Title IX. The Count simply makes conclusory allegations that the school district was aware of the threat and was deliberately indifferent in its discipline and training. None of this states a Title IX claim and there are no facts that could plausibly show the school district's actions were sex-based discrimination.

Plaintiffs' responsive brief argues that "whether the harassment was sufficiently sex-based under Title IX involves factual determinations that should not be resolved on a Rule 12(b)(6) motion before discovery." ECF 13 at p 3. This fails to address the problem in the pleadings, because it is the conduct of the district, not the conduct of the alleged harasser, that is the issue. Common disputes between high school girls cannot be, without more, a basis for imposing liability on a school district under Title IX.

**Count IV – "Negligence, Negligence Supervisory, and Infliction of Emotional Distress"**

Count IV attempts to bring state-law claims against the school district in a manner that would bring this case under a Missouri statute waiving sovereign immunity for injuries caused by negligent operation of motor vehicles by public employees. The school district argues that there are no facts alleged in the First Amended Petition that would demonstrate a waiver of sovereign immunity.

Section 537.600, *et. seq.*, Revised Statutes of Missouri, provides certain exceptions from sovereign immunity, which would otherwise apply to common-

law tort claims such as negligence and intentional infliction of emotional distress. The exception plaintiffs rely on here applies to injuries "directly resulting from the negligent acts or omissions by public employees, … arising out of the operation of motor vehicles or motorized vehicles within the course of their employment." § 537.600.1(1), R. S. Mo.

Defendant argues that the "operation of motor vehicles" exception only applies to injuries actually caused by the motor vehicle. *Johnson v. Carthell*, 631 S.W.2d 923 (Mo. Ct. App. S.D. 1982), is a Missouri appellate court case directly on point. In that case a school bus driver was alleged to have held the plaintiff student while another student assaulted him, and then the bus driver put the plaintiff off the bus in a remote area. The Court of Appeals held that the "operation of motor vehicles" exception requires injury from an activity that "deals specifically with the motor vehicle, *i.e.*, the actual physical structure and attendant parts of the vehicle." *Id.* at 927; *accord, Doe A. v. Special School Dist. Of St. Louis County*, 637 F.Supp. 1138, 1149 (E.D. Mo. 1986), *affirmed on other grounds* 901 F.2d 642 (8th Cir. 1990). Plaintiffs do not allege that Leah was injured by the bus or by a collision or by negligent driving of the bus, so this exception does not apply.

Plaintiffs' brief argues that she has alleged "that the District may maintain liability insurance, waiving sovereign immunity pursuant to Missouri law" (ECF

13 at p. 4), citing § 537.610, R. S. Mo., and that therefore dismissal is not appropriate at this stage of the litigation. But there is no such allegation in the complaint. Instead, in paragraph 64 of ECF 8, which is part of Count II's claim under § 1983, plaintiffs allege: "Under § 537.610 RSMo, *if* the district has liability insurance, sovereign immunity is waived up to the policy limits." (emphasis added). Liberally construing this allegation to apply to the claim in Count IV, it still fails under Missouri law. *See A. F. v. Hazelwood School District*, 491 S.W. 628, 635 (Mo. Ct. App. E.D. 2016) (exceptions in § 537.610 are construed narrowly and plaintiff must plead with specificity facts demonstrating the exception; dismissal affirmed because plaintiff's allegations of immunity were conclusory); *Hendricks v. Curators of the University of Missouri,* 308 S.W.3d 740 (Mo. Ct. App. W.D. 2010).

Count IV is dismissed because there is no proper allegation that sovereign immunity has been waived.

## **Leave to Amend**

Plaintiffs' brief asks that leave to amend be granted if the Court grants the Motion to Dismiss. Rule 15(a)(2), Fed. R. Civ. P. provides that leave to amend should be freely given "when justice so requires." But leave to amend may be denied where there has been "undue delay, bad faith on the part of the moving party, futility of the amendment, or unfair prejudice to the non-moving party."

*King v. Texas Ins. Co*., 185 F.4th 798, 803 (8th Cir. 2026). Plaintiffs have already amended their complaint once, and they have provided nothing that would show that any additional amendment would cure the defects here. *See Cheeks v. Belmar*, 162 F.4th 899, 907 (8th Cir. 2025). I will deny the request to amend because amendment of the claims against Francis Howell R-III School District would be futile.

**Remand of Remaining Claims**

This case was removed to this Court under 28 U.S.C. § 1441(c) based on Counts II and III against the school district, which raised federal questions and thus supported federal question jurisdiction under 28 U.S.C.§ 1331. Under 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental jurisdiction over state-law claims when the court has dismissed all claims over which it has original jurisdiction. Because only the claims against the school district provide a basis for federal jurisdiction and I am dismissing those claims, I decline to exercise supplemental jurisdiction over plaintiffs' claims against the remaining defendants, as those claims (Counts I and V) are based entirely on state law. I will therefore remand those claims to the Circuit Court for St. Charles County, Missouri, from which this case was removed.

Accordingly,

**IT IS HERBY ORDERED** that the motion to dismiss of defendant Francis Howell R-III School district [10] is granted in its entirety and Counts II, III, and IV are dismissed with prejudice.

**IT IS FURTHER ORDERED** that plaintiffs' claims in Counts I and V against defendants Valencia Walker a/k/a Valencia Lewis, Michael Lewis, and ML are remanded to the Circuit Court of St. Charles County, Missouri, from which they were removed.

**IT IS FURTHER ORDERED** that all other pending motions are denied, without prejudice to be reraised in state court if appropriate.

A separate Order of Dismissal and Remand is entered this same date.

Catherine D Perry

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 5th day of November, 2026.